ALLGOOD, Senior District Judge:
Appellants, Harry B. Smith, Samuel Friedman, Management Company, Inc., and Acofin Investment, Inc., complain of the final order entered by the District Court, affirming the Bankruptcy Court’s Findings, Conclusions and Judgment with respect to the recovery of the Trustee in Bankruptcy, Jeanette E. Tavormina, from Appellants. After a thorough review of the record, we are convinced that the decision of the court below was based on an application of the wrong subsection of Section 549 of the Bankruptcy Code of 1978. For that reason the judgment below must be vacated and the case remanded to the District Court for further action.
Harry Brummer became a debtor pursuant to an involuntary proceeding brought against him on January 4, 1980.[1] Jeanette 'Tavormina, the plaintiff herein, was appointed Trustee. The debtor filed schedules of debts and liabilities which did not indicate any interest in the property which is the subject matter of this lawsuit, and offered no valid explanation why it was not listed as his property.
Following discovery of the pending sale of property not listed in the schedule, the Trustee filed an action, which ultimately became the subject of this appeal, asking the court to enjoin the sale of the property, and by separate motion, requesting a temporary restraining order. In support of the temporary restraining order, the Trustee offered a contract between Brummer and Three Island Corporation for the sale of property of Three Island Corporation for $2,800,000.
At the commencement of the involuntary proceedings, the debtor was the purchaser of certain real estate under three executory deposit receipt contracts. These lands are the properties set forth in the contract for sale to the Three Island Corporation, and are the subject matter of the preliminary injunction. It was to be the underlying real estate for the development referred to as “Buckingham Place.”
On March 13, 1980, while the involuntary petition was pending, a joint venture agreement was signed by and between defendants Sylvia Siegal, Inc., Acofin Investment, Inc., and Samuel Friedman Management Company, Inc. The evidence reflects, and the Bankruptcy Court found that Sylvia Siegal, Inc., paid no money for the deeds and was acting solely as agent for Brummer in accepting the title to these lands. The remaining joint venture partners denied liability based on the fact that they had no knowledge that Sylvia Siegal, Inc., was acting for Brummer and that they had no knowledge that Brummer was engaged in bankruptcy proceedings. The Bankruptcy Court found that the defendants knew or should have known that Sylvia Siegal, *907 Inc., was acting for Harry Brummer, 24 B.R. 93.
The Bankruptcy Court further found that it need not reach a decision as to whether the joint defendants knew that Brummer was engaged in bankruptcy proceedings because it found that the consideration paid for the property was insufficient.
The Bankruptcy Court stated that Bankruptcy Code Section 549(c) protects a good faith purchaser who, without knowledge of the commencement of the case, acquires property for present fair equivalent value. It further stated that the exception to the Trustee’s avoidance power is not available to the defendants since they did not pay fair equivalent value. This was affirmed by the District Court.
The parties presented this matter to the Bankruptcy Court for the Southern District of Florida as one to be decided under Section 549 of the Bankruptcy Code, 11 U.S.C. § 549. They based the substance of their case upon two of the requirements of Section 549(c) — that a post-petition transferee must be:
(1) a good faith purchaser for present fair equivalent value, and
(2) must not have knowledge of the commencement of the bankruptcy case.
The Bankruptcy Court agreed that Section 549(c) applied and found the transferee did not pay present fair equivalent value for the property. The court circumvented the issue of transferee’s knowledge of the bankruptcy as unnecessary because of the determination of the value question. The parties appealed on both issues.
The District Court affirmed the Bankruptcy Court’s ruling that the transferee did not pay present fair value for the property, and held specifically that the transferee had knowledge of the commencement of the bankruptcy case.
Section 549 is divided into three subsections. Subsection (a) states the general rule that a Trustee may avoid a post-petition transfer if the transfer was not authorized by the Court or by Section 303(f) or 542(c) of the Bankruptcy Code. Subsections (b) and (c) are exceptions to this general rule. First, in the interim between the filing of an involuntary petition and the order for relief, a transferee is protected in his dealings with the debtor under subsection (b). Second, under subsection (c), except in the county which the bankruptcy was commenced, until the bankruptcy is recorded in the appropriate land office, a good faith transferee who paid fair value and who did not know about the bankruptcy filing is protected.
The mistake the parties and the lower court made is that, in addition to the knowledge and value requirements in (c), this subsection placed a condition precedent to its operation. For (c) to apply, the subject property must be located outside the county in which the bankruptcy case is commenced. In the present case, the bankruptcy case was commenced in the same county in which the land is located. Therefore, Section 549(c) is inapplicable.
The only other exception to § 549(a) (authorizing the trustee to avoid a transfer) which could apply in this case is subsection (b) which reads:
In an involuntary case, a transfer that occurs after the commencement of such case but before the order for relief is valid against the trustee to the extent of any value, including services, but not including satisfaction or securing of a debt that arose before the commencement of the case, given after the commencement of the case in exchange for such transfer, notwithstanding any notice or knowledge of the case that the transferee has.
The appellants did not plead, offer evidence, or submit an argument which suggests any reliance upon subsection (b). Because our decision turns in large part on a point not briefed by the parties or discussed by the courts below, we remand the case to the district court for remand to the bankruptcy court to determine whether the exception stated in § 549(b) applies. The bankruptcy court should first decide whether a transfer occurred after the commencement of the case but before the order for relief. If not, the inquiry ends there, and *908 § 549(a) applies. If such a transfer did occur, the bankruptcy court must determine the value, if any, including services, but not including satisfaction of a debt that arose before the commencement of the case, given after commencement of the case in exchange for the transfer.[2] This value, if found, is valid against the trustee.
VACATED and REMANDED.

. This case is governed by § 549 of the Bankruptcy Code as it read before the 1984 Amendments which, as to that section, became effective to cases filed 90 days after the July 10, 1984 date of enactment. See § 553, P.L. 98-353.

. For definition of "transfer" under the Bankruptcy Code, see section 101(40).